IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY,
FLORIDA
SMALL CLAIMS DIVISION

Case No:

THERESE CLARK,

    Plaintiff,

v.

BARCLAYS BANK
DELAWARE and PHILLIPS &
COHEN ASSOCIATES, LTD.,
CORP.,

    Defendants.
_____/

## PLAINTIFF'S STATEMENT OF CLAIM

**COMES NOW**, Plaintiff, **THERESE CLARK** ("Ms. Clark" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Statement of Claim against Defendants, **BARCLAYS BANK DELAWARE** ("Debt Owner"), and **PHILLIPS & COHEN ASSOCIATES, LTD., CORP.** ("Debt Collector") (collectively "Defendants"), and in support thereof states as follows:

### Introduction

1.     This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by misrepresenting the right to collect

Plaintiff's Statement of Claim
*Clark v. Barclays Bank Delaware and Phillips & Cohen Associates, LTD., Corp*
Page **1** of **12**

***ELECTRONICALLY FILED 12/29/2020 01:17:01 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

on such alleged debt after Defendants knew it had been included in Ms. Clark's bankruptcy case, and by continuing to directly contact Ms. Clark after having actual knowledge that Ms. Clark was represented by counsel with respect to the alleged debt.

### *Jurisdiction and Venue*

2. This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3. Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4. Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5. Venue is proper in Pinellas County, Florida, where Defendant has physical locations in Pinellas County, Florida.

6. Venue is proper in Pinellas County, Florida, where this tortious cause of action accrued in Pinellas County.

7. Venue is also proper in Pinellas County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

### *Parties*

8. Plaintiff, Ms. Clark, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

Plaintiff's Statement of Claim
*Clark v. Barclays Bank Delaware and Phillips & Cohen Associates, LTD., Corp*
Page **2** of **12**

9. At all times material hereto, Debt Owner was and is a bank with its headquarters located at 125 South West Street, Wilmington, DE 19801.

10. At all times material hereto, Debt Collector was and is a business with its principal place of business in the state of DE, and its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

11. Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

12. At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Ms. Clark's alleged debt.

13. At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Ms. Clark's alleged debt for Debt Owner.

14. As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

15. Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Ms. Clark's information.

16. Under information and belief, Debt Owner allowed Debt Collector to enter Ms. Clark's information into Debt Owner's sales or customer systems.

17. Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

Plaintiff's Statement of Claim
*Clark v. Barclays Bank Delaware and Phillips & Cohen Associates, LTD., Corp*
Page 3 of 12

18. Under information and belief, Debt Owner approved, wrote, or reviewed a form letter or call script for Debt Collector to use when communicating with Ms. Clark.

19. Under information and belief, Debt Owner had actual knowledge of Debt Collector's FCCPA and FDCPA violations when contacting Ms. Clark and Debt Owner failed to stop such violations by Debt Collector.

20. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Ms. Clark's debt on behalf of Debt Owner.

### *Statements of Fact*

21. Ms. Clark opened a credit card account for personal use with Debt Owner that was assigned a unique account number under Ms. Clark's name ("Account").

22. Sometime thereafter, Ms. Clark encountered financial difficulties and fell behind on her payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

23. On September 30, 2020, Ms. Clark filed a Chapter 7 Bankruptcy Petition ("Petition") in the U.S. Bankruptcy Court, Middle District of Florida, Case Number: 8:20-bk-07348-CPM ("Bankruptcy Case"). *See* **Exhibit A.**

24. Ms. Clark identified Debt Owner as a creditor in her Petition. *See* **Exhibit A, p. 20, § 4.2.**

25. Ms. Clark's Petition also identified her counsel's name and contact information, which notified all of Ms. Clark's creditors, including Debt Owner, that Ms. Clark was represented by counsel with respect to all debts, including the Debt.

Plaintiff's Statement of Claim
*Clark v. Barclays Bank Delaware and Phillips & Cohen Associates, LTD., Corp*
Page 4 of 12

26.     On or around October 3, 2020, Debt Owner received notice of the Bankruptcy Case filing. *See* **Exhibit B.**

27.     Under information and belief, the Account and Debt was then sold, assigned, or transferred to Debt Collector for collection purposes.

28.     Under information and belief, Debt Owner notified Debt Collector of the Bankruptcy Case when is sold, assigned, or transferred the Account and Debt to Debt Collector for collection purposes.

29.     Under information and belief, Debt Owner notified Debt Collector of Ms. Clark's attorney representation when is sold, assigned, or transferred the Account and Debt to Debt Collector for collection purposes.

30.     After Debt Collector received notice that the Debt was included in the Bankruptcy Case and that Ms. Clark was represented by counsel with respect to the Debt, Debt Collector continued to communicate directly with Ms. Clark in attempts to collect the Debt.

31.     For example, on or around November 27, 2020, Debt Collector sent a letter directly to Ms. Clark in connection with the collection of an alleged debt owed on the Account. *See* **Exhibit C.**

32.     Debt Collector's letter was addressed directly to Ms. Clark, demanded a total amount due of $5,380.77, represented that "this is an attempt, by a debt collector, to collect a debt and any information obtained will be used for that purpose," represented that Debt Owner "referred [Ms. Clark's] account to [Debt Collector] in an effort to recover the

Plaintiff's Statement of Claim
*Clark v. Barclays Bank Delaware and Phillips & Cohen Associates, LTD., Corp*
Page **5** of **12**

outstanding amount due," and offered the option to pay by phone or by mail. *See* **Exhibit C.**

33. At no time was the alleged Debt ever reaffirmed in the Bankruptcy Case.

34. All of Debt Collector's letters to Ms. Clark were done in connection with the collection of the alleged Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Collector)*

35. Ms. Clark re-alleges paragraphs 1-34 and incorporates the same herein by reference.

36. Ms. Clark is a "consumer" within the meaning of the FDCPA.

37. The subject debt is a "consumer debt" within the meaning of the FDCPA.

38. Debt Collector is a "debt collector" within the meaning of the FDCPA.

39. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Debt Collector violated 15 U.S.C. § 1692c(a) by directly sending the collection letter to Ms. Clark after Debt Collector knew Ms. Clark was represented by an attorney with respect to such Debt and had knowledge of, or could readily ascertain, such attorney's name and address.

   b. Debt Collector 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the Debt as still personally owed by Ms. Clark and not included in Ms. Clark's Bankruptcy Case when it sent her collection letters.

Plaintiff's Statement of Claim
*Clark v. Barclays Bank Delaware and Phillips & Cohen Associates, LTD., Corp*
Page 6 of 12

    c. Defendant violated 15 U.S.C. § 1692e(10) by falsely representing the legal status of the Debt as not included in Ms. Clark's Bankruptcy Case when it sent Ms. Clark the collection letters.

    d. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the Debt that Defendant knew was not permitted by law to collect pursuant to the Bankruptcy Case.

40. As a result of the above violations of the FDCPA, Ms. Clark has been subjected to illegal collection activities for which she has been damaged.

41. As a result of the above violations of the FDCPA, Ms. Clark has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

42. Defendant's actions have violated Ms. Clark's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

43. Defendant's actions have damaged Ms. Clark by causing her stress.

44. Defendant's actions have damaged Ms. Clark by causing her anxiety.

45. Defendant's actions have damaged Ms. Clark by being an annoyance.

46. Defendant's actions have damaged Ms. Clark by causing her aggravation.

47. It has been necessary for Ms. Clark to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

48. All conditions precedent to this action have occurred.

Plaintiff's Statement of Claim
*Clark v. Barclays Bank Delaware and Phillips & Cohen Associates, LTD., Corp*
Page **7** of **12**

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

   a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

   b. Awarding actual damages;

   c. Awarding costs and attorneys' fees; and

   d. Any other and further relief as this Court deems just and equitable.

### Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)

49. Ms. Clark re-alleges paragraphs 1-34 and incorporates the same herein by reference.

50. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the legal status of the Debt as still personally owed by Ms. Clark and that such Debt was legitimately collectable after Defendant had received notice that the alleged Debt had been included in Ms. Clark's Bankruptcy Case.

   b. Defendant violated Fla. Stat. § 559.72(18) by communicating directly with Ms. Clark after Defendant had actual knowledge that Ms. Clark was represented by an attorney with respect to the Debt, and had knowledge of, or

Plaintiff's Statement of Claim
*Clark v. Barclays Bank Delaware and Phillips & Cohen Associates, LTD., Corp*
Page **8** of **12**

could readily ascertain Ms. Clark's attorney's name and address.

51. As a result of the above violations of the FCCPA, Ms. Clark has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

52. Defendant's actions have violated Ms. Clark's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

53. Defendant's actions have damaged Ms. Clark by causing her stress.

54. Defendant's actions have damaged Ms. Clark by causing her anxiety.

55. Defendant's actions have damaged Ms. Clark by being an annoyance.

56. Defendant's actions have damaged Ms. Clark by causing her aggravation.

57. It has been necessary for Ms. Clark to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

58. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees;

    d. Any other and further relief as this Court deems just and equitable.

Plaintiff's Statement of Claim
*Clark v. Barclays Bank Delaware and Phillips & Cohen Associates, LTD., Corp*
Page **9** of 12

## Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)

59. Ms. Clark re-alleges paragraphs 1-34 and incorporates the same herein by reference. Debt Owner violated the FCCPA.

60. Debt Owner's violations include, but are not limited to, the following:

    a. Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the legal right to attempt to enforce the alleged Debt when Debt Owner sold, assigned, or transferred the Debt to Debt Collector when Debt Owner knew the alleged Debt had been included in the Bankruptcy Case.

61. At all times material hereto, Debt Owner was and is vicariously and/or directly liable for the actions of Debt Collector.

62. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the legal status of the Debt as still personally owed by Ms. Clark and that such Debt was legitimately collectable after Defendant had received notice that the alleged Debt had been included in Ms. Clark's Bankruptcy Case.

    b. Defendant violated Fla. Stat. § 559.72(18) by communicating directly with Ms. Clark after Defendant had actual knowledge that Ms. Clark was represented by an attorney with respect to the Debt, and had knowledge of, or

Plaintiff's Statement of Claim
*Clark v. Barclays Bank Delaware and Phillips & Cohen Associates, LTD., Corp*
Page **10** of **12**

could readily ascertain Ms. Clark's attorney's name and address.

63. As a result of the above violations of the FCCPA, Ms. Clark has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

64. Defendant's actions have violated Ms. Clark's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

65. Defendant's actions have damaged Ms. Clark by causing her stress.

66. Defendant's actions have damaged Ms. Clark by causing her anxiety.

67. Defendant's actions have damaged Ms. Clark by being an annoyance.

68. Defendant's actions have damaged Ms. Clark by causing her aggravation.

69. It has been necessary for Ms. Clark to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

70. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees;

    d. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **THERESE CLARK**, demands a trial by jury on all issues so triable.

Plaintiff's Statement of Claim
*Clark v. Barclays Bank Delaware and Phillips & Cohen Associates, LTD., Corp*
Page 11 of 12

Respectfully submitted this **December 29, 2020**,

/s/ *Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Law Office of Michael A. Ziegler, P.L.
Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

Plaintiff's Statement of Claim
*Clark v. Barclays Bank Delaware and Phillips & Cohen Associates, LTD., Corp*
Page **12** of **12**